IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHEILA CAVITT-OLGUIN, ROSE A.
MARQUEZ, RICHARD OGOREK, ELISA
HOWES, and MARTIN TANUZ,

      Plaintiffs,

v.                                                  Civ. No. 24-0242 KG/SCY

FEDERAL EMERGENCY MANAGEMENT
AGENCY, and DOES 1–20

      Defendants.


MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Federal Emergency Management Agency's (FEMA) Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, Alternatively, for Failure to State a Claim (Doc. 10), filed June 14, 2024.  Plaintiffs filed their Response (Doc. 15), July 3, 2024.  Defendant filed its Reply (Doc. 19), August 2, 2024.  Having considered the briefing and the applicable law, the Court grants the Motion.

I.     *Background*[1]

This case stems from a devastating wildfire.  On April 6, 2022, the U.S. Forest Service initiated a prescribed burn on federal land in the Santa Fe National Forest in New Mexico's San Miguel County.  (Doc. 1) at 8–9.  Unable to control the prescribed burn, the fire spread to adjacent, non-federal land before merging with another fire.  *Id.*  These two fires together became known as the Hermit's Peak/Calf Canyon Fire (HPCCF).  *Id.* at 9.  The largest fire in

---

[1] Because this is in front of the Court on a motion to dismiss, the Court accepts all well-pled facts in the Complaint as true.

New Mexico history, it forced thousands of residents to evacuate and destroyed several hundred homes.  *Id.*  All told, the HPCCF burned over 340,000 acres.  *Id.*

As a result of this devastating fire, Congress enacted the HPCCF Assistance Act ("HPCCFA Act" or "Act") in order to (1) "compensate victims of the [HPCCF], for injuries resulting from the fire," and (2) "provide for the expeditious consideration and settlement of claims for those injuries."  *Id.* at 10 (citing HPCCFA Act, Pub. L. No. 117–180, § 102(b)).  Under the Act, Congress designated FEMA as the administrator of claims.  *Id.* at 10–11

On August 29, 2023, FEMA issued its Final Rule and regulations for the administration of the claims process.  *Id*. at 2.  The Final Rule outlines the process for submitting a claim under the Act, including the option of filing an administrative appeal if a claimant is dissatisfied with FEMA's final decision.  *Id*. at 2–3.

If a claimant wishes to appeal FEMA's final decision on a claim, he must do so within 120 days of FEMA's official determination on that claim; otherwise, FEMA will conclusively presume the claimant accepted its determination.  *Id*.  Plaintiffs allege that FEMA failed to provide any other information for the appeal process.  *Id*. at 3.  Plaintiffs assert that FEMA's failure to provide additional information regarding the appeal process is delaying compensation to Plaintiffs and directly violating the text and purpose of the Act.  *Id.*  Plaintiffs state they cannot make an informed decision on whether "to participate in the administrative appeal process, or pursue arbitration, or judicial review as provided under the Act without knowing the requirements and guidelines that govern the appeal process."  *Id.*  Based on these allegations, Plaintiffs bring this action, seeking monetary damages, sanctions, attorney fees and costs, declaratory, and injunctive relief.  *Id*. at 4.

Plaintiffs bring five counts.  Count I asserts an Administrative Procedure Act (APA) violation and a constitutional due process violation against FEMA for acting contrary to law by providing a 120-day deadline for claimants to file an administrative appeal without establishing guidelines for the appeal process.  *Id.* at 14-15.  Count II asserts an APA violation against FEMA for exceeding its "statutory jurisdiction, authority, and limitation" because the HPCCFA Act "does not include a deadline to file an administrative appeal."  *Id.* at 16–17.  Count III asserts an APA violation against FEMA for acting arbitrarily and capriciously by "promulgating the Rule without a proper factual or legal basis."  *Id.* at 17–18.  Count IV petitions the Court for mandamus or injunctive relief, asserting an APA violation against FEMA for unlawfully withholding action because the Rule failed to establish appeal procedures in contravention of the HPCCFA Act's purpose.  *Id.* at 19–21.  Count V asserts an APA violation against FEMA for exceeding its statutory authority and requests that the Court declare "FEMA's 120-day deadline for claimants to file an administrative appeal…invalid absent established guidelines for the entire appeal process."  *Id.* at 21–23.

FEMA moves to dismiss, arguing the Court lacks jurisdiction, or alternatively, Plaintiffs fail to state a claim.  (Doc. 10).

II.     Legal Standard

    A.     APA

The Tenth Circuit instructs courts reviewing agency action under the APA to treat such actions as appeals, conduct their review based on the administrative record, and govern themselves by the Federal Rules of Appellate Procedure.  *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994).  Nevertheless, a court may summarily dismiss APA-based claims brought under 5 U.S.C. § 706 without reviewing the administrative record when they fail

to establish the court's subject matter jurisdiction. *Kane Cnty. Utah v. Salazar*, 562 F.3d 1077, 1086 (10th Cir. 2009).

      B.     *Rule 12(b)(1)*

A Federal Rule of Civil Procedure 12(b)(1) motion allows a party to challenge a court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of establishing federal jurisdiction generally rests with the party asserting jurisdiction. *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1170 (10th Cir. 2023) (citations omitted). Rule 12(b)(1) permits a party to challenge a court's subject matter jurisdiction on two grounds: facial and factual. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). A facial challenge assumes the allegations in the complaint are true but insufficient to establish subject matter jurisdiction. *Id.* A factual attack goes beyond the complaint's allegations and puts forth evidence upon which subject matter jurisdiction depends. *Id.* Courts reviewing factual attacks have "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.*

On a facial attack, like the one presented in FEMA's Motion, the court treats the complaint's allegations as true, as it would on a Rule 12(b)(6) motion. *Id.* A court, however, is not required to accept the veracity of a complaint's legal conclusions. *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding a complaint "requires more than labels and conclusions").

III.    *Discussion*

FEMA moves to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or alternatively, Plaintiffs' failure to state a claim under Rule 12(b)(6). (Doc. 10). FEMA also argues the Court lacks subject matter jurisdiction over Plaintiff

Anthony Gallegos' claims because his claims are moot. *Id.* at 2. Because the Court concludes it lacks subject matter jurisdiction, it does not address FEMA's other arguments.

      A.      *FEMA's Jurisdictional Arguments*

FEMA argues the Court lacks subject matter jurisdiction because "FEMA's purported failure to publish appeal guidelines is not a failure to act, or otherwise a final action, because FEMA is not required to publish guidelines." (Doc. 10) at 12.

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "Where no other statute provides a private right of action, the 'agency action' complained of must be 'final agency action.'" *Norton v. S. Utah Wilderness All. (SUWA)*, 542 U.S. 55, 61-62 (2004) (quoting 5. U.S.C. § 704). Section 551(13) of the APA defines "agency action" to include "the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." Failure-to-act claims are governed by § 706(1). Under § 706(1), a party may seek to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, not all failure-to-act claims are remediable under the APA. *SUWA*, 542 U.S. at 62. A failure-to-act claim requires that an agency fail to take action that is (1) discrete and (2) legally required. *Id.* at 63.

FEMA asserts Plaintiffs' Complaint fails to meet the two elements necessary to bring a failure-to-act claim. FEMA argues that even if "the Complaint arguably identifies a discrete action—to publish appeal guidelines—it is silent as to how such action is legally required." (Doc. 10) at 13. Because FEMA is not legally required to publish appeal guidelines, FEMA argues the Court lacks jurisdiction over the case. *Id.* (citing *Audubon of Kan., Inc. v. U.S. Dep't of Interior*, 67 F.4th 1093, 1108 (10th Cir. 2023)).

5

Plaintiffs' Response is not altogether clear. They assert that they are entitled to bring a claim against FEMA because it was legally required but failed to finalize Administrative Appeal regulations providing for the "*expeditious* consideration and settlement of claims." (Doc. 15) at 5; *see also* (Doc. 1) at ¶¶ 7, 9, 32–34, 39, 46, 51, 56–59, and 65 (claiming FEMA has failed to provide, publish, or establish guidelines regarding the appeals process). The heart of Plaintiffs' claims appears to be that FEMA failed to include a self-imposed deadline for deciding claimants appeals. *See* (Doc. 15) at 8 ("FEMA provides no deadline for FEMA to make a determination on an Administrative Appeal.") (emphasis omitted). In support of their claim, Plaintiffs acknowledge the Supreme Court's holding in *SUWA*—that a § 706(1) claim requires discrete, legally required action—but contend they can invoke the Court's subject matter jurisdiction "if they show that [FEMA] [1] had a nondiscretionary duty to act, and [2] unreasonably delayed in acting on that duty." *Id.* at 7–8 (citing *SUWA*, 54 U.S. at 63–65). Plaintiffs contend they meet both requirements. *Id.* at 8. They argue "FEMA had nondiscretionary duties to promulgate regulations for the *expeditious* processing and payment of claims under the [HPCCFA] Act, and to process and pay claims in accordance with the Act within a specified timeframe[,]" and (2) "FEMA's Final Rule regarding the appeal process results in an unreasonable delay in performing FEMA's duties." *Id.* The Court is unpersuaded.

Plaintiffs fail to adequately explain their contention that the Court has subject matter jurisdiction. Plaintiffs appear to allude to the HPCCFA Act's purpose for the argument that they are entitled to "*expeditious*" compensation. *Id.*; *see also* HPCCFA Act, Pub. L. No. 117–180, § 102(b) ("The purposes of this Act are…to provide for the expeditious consideration and settlement of claims for those injuries."). But Plaintiffs' Response does not develop how such a

6

broad, general purpose creates a legal requirement that FEMA provide a deadline to determine administrative appeals.

Plaintiffs' citation to three subsections of the HPCCFA Act is similarly unavailing. These three subsections read as follows: (1) "The Office [of Hermit's Peak/Calf Canyon Fire Claims] shall receive, process, and pay claims in accordance with this Act"; (2) "Not later than 180 days after the date on which a claim is submitted under the Act, the Administrator shall determine and fix the amount, if any, to be paid for the claim";[2] and (3) "Notwithstanding any other provision of law, not later than 45 days after the date of enactment of this Act, the Administrator shall promulgate and publish in the Federal Register interim final regulations for the processing and payment of claims under this Act." HPCCFA Act, Pub. L. No. 117–180, § 104(a)(2)(B), (d)(1)(A)(i), and (f)(1).

To be clear, Plaintiffs make no argument that FEMA failed to comply with any of these specific provisions. Rather, Plaintiffs assert that "FEMA's Final Rule is deficient and subject to legal challenge." (Doc. 15) at 9. Plaintiffs contend the HPCCFA Act provisions they cite indicate Congress' intent that FEMA establish a deadline to determine administrative appeals. *Id.* Consequently, they argue, FEMA was legally required but failed to finalize Administrative Appeal regulations providing for the "*expeditious* consideration and settlement of claims." *Id.*

---

[2] Plaintiffs cite to Section 104(c)(3), which provides "[a]ny payment under this Act— (A) shall be limited to actual compensatory damages measured by injuries suffered; and (B) shall not include— (i) interest before settlement or payment of a claim; or (ii) punitive damages." HPCCFA Act, Pub. L. No. 117–180, § 104(c)(3). However, earlier in their Response, Plaintiffs quote the same subsection as providing that "[n]ot later than 180 days after the date on which a claim is submitted under the Act, the Administrator shall determine and fix the amount, if any, to be paid for the claim." (Doc. 15) at 4. But this quotation is from § 104(d)(1)(A)(i). Because it appears Plaintiffs intended to cite § 104(d)(1)(A)(i), the Court cites to that subsection here.

at 5. But the HPCCFA Act does not require FEMA to publish administrative appeal guidelines. Thus, Plaintiffs' failure-to-act claims fail because the Court lacks subject matter jurisdiction.

A final note on FEMA's jurisdictional argument: neither party explicitly addresses Plaintiffs' claims brought under § 706(2) of the APA. Although Count IV of Plaintiffs' Complaint targets agency inaction under § 706(1), Counts I–III and V appear to target agency action pursuant to § 706(2)(A) and (C). *See* (Doc. 1) at 14–23. However, despite Plaintiffs' attempt to bring claims under § 706(2), the Court concludes Plaintiffs' claims are more properly brought under § 706(1) for the reasons explained below.

To begin with, all of Plaintiffs' claims rely on FEMA's failure to establish guidelines regarding the appeal process. (Doc. 1) at ¶¶ 7, 9, 32–34, 39, 46, 51, 56–59, and 65. And, Plaintiffs' Response focuses almost entirely on failure-to-act claims brought under § 706(1), lacking any meaningful discussion of claims brought under § 706(2). *See e.g.,* (Doc. 15) at 9 (arguing "FEMA's Final Rule violates the Act and exceeds statutory authority" based on its failure to act). Taken together, it appears Plaintiffs are, in fact, only alleging § 706(1) claims. Moreover, the only agency action Plaintiffs seek to have this Court "set aside" under § 706(2) is the failure to establish administrative appeals guidelines. However, "[t]he only way to 'set aside' a failure to act is to compel agency action…which is the relief that § 706(1) provides." *Jarita Mesa Livestock Grazing Ass'n. v. U.S. Forest Serv.*, 140 F. Supp. 3d 1123, 1197 (D.N.M. 2015) (Browning, J.) (citing *SUWA*, 542 U.S. at 61–62)). The Court therefore treats all of Plaintiffs' claims as seeking relief under § 706(1). Thus, the Court's conclusion that it lacks jurisdiction over Plaintiffs' failure-to-act claims encompasses all of Plaintiffs' claims. Because the Court lacks jurisdiction over Plaintiffs' claims, it is unable to consider FEMA's remaining arguments. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[H]aving

determined that it lacks jurisdiction over the action, [the court] is *incapable* of reaching a disposition on the merits of the underlying claims.").

Finally, the Court takes a moment to recognize the destructive impact the Hermit's Peak/Calf Canyon Fire has had on lives of communities, families, and individuals such as Plaintiffs. It has been almost three years since the fire tore through New Mexico communities. Notwithstanding this Court's determination that it lacks jurisdiction, the Court takes seriously the need for FEMA to compensate claimants harmed by the fire. The more quickly FEMA decides claimants' cases, the more quickly people and communities can rebuild and move on from this devastating event.

IV.     *Conclusion*

For the reasons discussed above, the Court finds Plaintiffs did not demonstrate they can bring a failure-to-act claim against FEMA for not providing more specific administrative appeal guidelines. Thus, the Court grants Defendant FEMA's Motion and dismisses, without prejudice, Plaintiffs' Complaint for lack for jurisdiction. *See Brereton*, 434 F.3d at 1218 ("[D]ismissals for lack of jurisdiction should be without prejudice[.]")

IT IS SO ORDERED.

/s/ KENNETH J. GONZALES[3]
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.